UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **CHRISTOPHER M. COLE**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TOWN OF ANSON**<br><br>**Defendant.** | **DOCKET NO. :** |

## COMPLAINT

Christopher Cole, ("Plaintiff") brings this action against the Town of Anson, Maine, ("Defendant" or "Town") for unlawful takings. The Town took the Plaintiff's real property, worth well over $50,000, to cover about $2,600 in unpaid property taxes. Mr. Cole demands payment of the fair market value of the property the Town took from him.

## PARTIES

1) The Plaintiff is a resident of Anson, Somerset County, Maine.

2) The Inhabitants of the Town of Anson ("the Town") is a municipality located in Somerset County, Maine.

## JURISDICTION AND VENUE

3) Jurisdiction is proper in this Court under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). The Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

4) Venue lies in this District under 28 U.S.C. § 1391(b)(1), (2), because the Defendant is a municipality located in this District and performs its official duties in this District, and many of the events and facts giving rise to this action occurred and are occurring in this District.

## THE TAKING OF THE PLAINTIFF'S PROPERTY AND MAINE'S TAX LIEN MORTGAGE AND FORECLOSURE STATUTORY FRAMEWORK

5) Plaintiff, was the owner of a piece of land, in Anson, Maine, by virtue of a quitclaim deed from the Town of Anson dated April 26, 2016, and recorded in the Somerset County Registry of Deeds, Book 5021, Page 90, and located at 29 Bow Street, Anson, Maine, 04958 ("the Premises").

6) Plaintiff's ex-wife, Rhonda Jackson, began living on the premises after Plaintiff moved out, with the understanding that she would pay the property taxes.

7) Ms. Jackson, however, did not pay the property taxes.

8) Mr. Cole was not able to pay the taxes because he is a disabled veteran and had a limited income and needed to pay for his own place to live.

9) If property taxes are not paid, after a year, a municipality may attach a lien to the property to satisfy payment on the property tax debt. See 36 M.R.S. § 942.

10) Section 942 sets forth the initial steps a municipality must take to enforce a tax lien, including sending notice to the property owner and filing a tax lien certificate in the registry of deeds. *Id.*

11) The notice must state the amount of the tax, describe the real estate on which the tax is assessed, and demand payment within 30 days. *Id.*

12) If the tax is not paid within that time, the municipality may file a tax lien certificate, which creates a tax lien mortgage on the property and the property owner then has 18 months to redeem the property. See 36 M.R.S. § 943.

13) If the tax, interest, and costs underlying the tax lien are paid within the 18-month period of redemption, then the tax lien mortgage is discharged in the same manner as any other real estate mortgage. *Id.*

14) However, if the tax, interest, and costs underlying the tax lien are not paid with 18 months of the tax lien mortgage being recorded, then the "tax lien mortgage shall be deemed to have been foreclosed and the right of redemption to have expired." *Id.*

15) After the mortgage is foreclosed, there is no obligation under the statute to sell the property in a commercially reasonable matter or to pay the excess proceeds to the property owner. *Id.* Under the Maine statutory scheme, the property is owned by the town and the town may sell the property, keep the property, or give the property away. *Id.* The property owner's interests, as far as the State is concerned, are extinguished by the foreclosure. *Id.*

16) Plaintiff fell behind on property taxes due for 2016 and the Town of Anson recorded a lien dated June 28, 2017, in the amount of $770.21 and recorded in the Somerset County, Maine Registry of Deeds at Book 5172, Page 93 ("the 2016 Tax Lien"). That lien was signed by the tax collector of the Town of Anson, acting under color of State Law.

17) Plaintiff fell behind on property taxes due for 2017 and the Town of Anson recorded a lien dated June 28, 2018, in the amount of $811.96 and recorded in the Somerset County Registry of Deeds on Book 5298, Page 25 ("the 2017 Tax Lien"). That lien was signed by the tax collector of the Town of Anson, acting under color of State Law.

18) On December 31, 2018, The Town of Anson applied funds for the payment of taxes due on the 2016 Tax Lien and the Town of Anson discharged the 2016 Tax Lien in a discharge recorded in the Somerset County, Maine Registry of Deeds in Book 5371, and Page 34.

19) Plaintiff fell behind on property taxes due for 2018 and the Town of Anson recorded a lien dated June 28, 2019, in the amount of $854.74 and recorded in the Somerset County, Maine Registry of Deeds on Book 5426, Page 290 ("the 2018 Tax Lien").  That lien was signed by the tax collector of the Town of Anson, acting under color of State Law.

20) On July 23, 2019, The Town of Anson applied funds for the payment of taxes due on the 2017 Tax Lien and the Town of Anson discharged the 2017 Tax Lien in a discharge recorded in the Somerset County, Maine Registry of Deeds in Book 5441, and Page 229.

21) Plaintiff fell behind on property taxes due for 2019 and the Town of Anson recorded a lien dated June 17, 2020, in the amount of $898.14 and recorded in the Somerset County, Maine Registry of Deeds on Book 5557, Page 258 ("the 2019 Tax Lien").  That lien was signed by the tax collector of the Town of Anson, acting under color of State Law.

22) Plaintiff fell behind on property taxes due for 2020 and the Town of Anson recorded a lien dated July 9, 2021, in the amount of $908.81 and recorded in the Somerset County, Maine Registry of Deeds on Book 5736, Page 115 ("the 2020 Tax Lien").  That lien was signed by the tax collector of the Town of Anson, acting under color of State Law.

23) On information and belief, the Town of Anson foreclosed on the Premises and took title based on one of the above-referenced, undischarged tax liens, under color of law.

24) On information and belief, the Town of Anson sold the Premises on or around March 8, 2022 for somewhere near $50,000.

25) The sale was after a sealed bid auction, and the Town did not list the property with a licensed realtor.

26) At the time of sale, the Town of Anson claimed that Plaintiff owed approximately $2,661.69 in taxes, plus fees and interest.

27) The fair market value of the home was significantly higher than what was paid to the Town of Anson.

28) The sale was not conducted in a commercially reasonable manner.

29) The Town did not pay the Plaintiff any of the proceeds of the sale of the Premises and has deprived the Plaintiff of property without just compensation.

30) The Town assessed the Premises at $36,020, in 2020.

31) The assessed value was significantly lower than the fair market value of the Premises.

32) The Plaintiff is owed the fair market value of the Premises.

## COUNT I
## TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE UNITED STATES CONSTITUTION

33) The Takings Clause, of the Fifth Amendment is applicable to the States through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U. S. Const., Amd. 5.

34) The Plaintiff's home was property, in that it was real property.

35) The Plaintiff's equity in the Premises was also property protected by the United States Constitution.

36) At all applicable times the Town of Anson was acting under color of state law.

37) The Town of Anson, by taking Plaintiff's equity without just compensation, has taken private property without just compensation in violation of the Fifth and Fourteenth Amendments giving rise to liability under 42 U.S.C. § 1983.

38) The Fifth Amendment to the United States Constitution prohibits taking private property for public use without "just compensation." U. S. Const., Amd. 5.

39) The 14th Amendment to the United States Constitution makes the Fifth Amendment applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U. S. Const., Amd. 14.

40) Despite these constitutional protections, the Town of Anson took Mr. Coles property for unpaid real property taxes, transferred the property to itself, and then kept all the excess equity or value in the property that far exceeded the amount the Town of Anson claimed it was owed.

41) The Town of Anson sold the property in a close-bid auction for less than the fair market value and kept all proceeds.

42) When the government takes a citizen's property, they are entitled to the "full monetary equivalent of the property taken" by the government. *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473-74 (1973); *Vogelstein & Co. v. United States*, 262 U.S. 337, 340 (1923).

43) The Defendant refused to pay Plaintiff the difference between the fair market value of the Premises and the Plaintiff's tax debt.

44) By assuming physical possession of and dominion over the property, transferring title to the Town of Anson and keeping either the entire property or the proceeds from a sale that are far more than the amount owed, Defendant has taken the private property without just compensation.

45) The Defendant is likely to continue to take property from others without just compensation under Maine's statute that permits it to take possession of property, sell it and keep sale proceeds which are more than the amounts owed to it.

46) Injunctive relief is appropriate to enjoin the Defendant.

WHEREFORE the Plaintiff, asks that this Honorable Court to find that the Town of Anson violated Mr. Coles rights under the Fifth and Fourteenth Amendments by taking his property without just compensation and:

    a. Determine and award reasonable damages as permitted by law;

    b. Awarder costs and fees of litigation including reasonable attorney's fees as permitted by 42 U.S.C. § 1983 and other applicable law;

    c. Enjoin the Defendant from further unlawful takings;

    d. Grant Plaintiff such other and further relief that he may be entitled to receive.

### COUNT II
### TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE MAINE CONSTITUTION

47) The Plaintiff realleges the allegations in the previous Paragraphs.

48) The Constitution of the State of Maine, Article I § 21 prohibits takings without just compensation, saying "private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it."

49) The Defendant has taken the Plaintiff's property without just compensation under the Maine State Constitution, as well as the Federal Constitution.

50) The Defendant is likely to continue to take property from others without just compensation under Maine's statute that permits it to take possession of property, sell it and keep sale proceeds which are more than the amounts owed to it.

51) Injunctive relief is appropriate to enjoin the Defendant.

WHEREFORE the Plaintiff asks that this Honorable Court to find that the Town of Anson violated Plaintiff's rights under the Maine Constitution by taking his property without just compensation and:

a. Determine and award him reasonable damages as permitted by law;

b. Award him costs and fees of litigation including reasonable attorney's fees as permitted by law;

c. Enjoin the Defendant from further unlawful takings.

d. Grant Plaintiff such other and further relief that he may be entitled to receive.

## COUNT III

## EXCESSIVE FINES IN VIOLATION OF THE UNITED STATES CONSTITUTION

52) The Plaintiff realleges the allegations in the previous Paragraphs.

53) The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

54) Confiscating the entire value of the property owned by Plaintiff far in excess of the amount owed for taxes is an excessive fine barred by the Eighth Amendment to the United States Constitution.

55) Defendant assessed and collected a prohibited excessive fine from the Plaintiff.

56) Plaintiff has no adequate legal remedy to protect its property interests from the unconstitutional and unlawful conduct herein described.

57) When Defendant takes property in excess of the amounts owed to it for unpaid taxes Defendant imposed a monetary punishment upon Plaintiff which is grossly disproportionate to the wrong, they seek to deter and/or punish.

58) Taking the property of the Plaintiff far in excess of the amounts owed for real estate taxes is an excessive fine under the Eighth Amendment to the United States Constitution.

59) Plaintiff has been injured and damaged by the unlawful excessive fines under the Eighth Amendment to the United States Constitution and is entitled to compensation and other relief as a result.

WHEREFORE, the Plaintiff asks this Honorable Court to:

a. Declare the Defendant has unlawfully imposed excessive penalties in violation of the United States' Constitution;

b. Award costs and fees of litigation including reasonable attorney's fees as permitted by 42 U.S.C. § 1983 and other applicable law;

c. Grant appropriate injunctive relief;

d. Determine the amount of damages to the Plaintiff;

e. Enter judgment against the Defendant;

f. Grant such and other further relief that the Plaintiff may be entitled to against Defendant.

## COUNT IV
## EXCESSIVE FINES IN VIOLATION OF THE MAINE CONSTITUTION

60) The Plaintiff realleges the allegations in the previous Paragraphs.

61) Article I, Section 9 of the Maine Constitution prohibits the imposition of excessive fines.

62) Confiscating the entire value of the property owned by Plaintiff far in excess of the amount owed for taxes is an excessive fine barred by the Maine Constitution.

63) Defendant is assessing and collecting prohibited excessive fines.

64) Plaintiff has no adequate legal remedy to protect its property interests from the ongoing unconstitutional and unlawful conduct herein described.

65) When Defendant took property in excess of the amounts owed to it for unpaid taxes the Defendant imposed a monetary punishment upon the Plaintiff which was grossly disproportionate to the wrong it was seeking to deter and/or punish.

66) Taking the property of the Plaintiff in excess of the amounts owed for real estate taxes is an excessive fine under Article I, Section 9 of the Maine Constitution.

67) Plaintiff was been injured and damaged by the unlawful excessive fines under the Maine Constitution, and are entitled to compensation and other relief as a result.

WHEREFORE, the Plaintiff asks this Honorable Court to:

    a. Declare the Defendant has unlawfully imposed excessive penalties in violation of the Maine Constitution;

b. Grant appropriate injunctive relief;

c. Determine the amount of damages to the Plaintiff;

d. Enter judgment against the Defendant;

g. Award the Plaintiff its reasonable attorneys' fees and costs as allowed by law; and

h. Grant such and other further relief that the Plaintiff may be entitled to against Defendant.

JURY TRIAL DEMANDED

Respectfully Submitted,

Dated: November 11, 2024

/s/ John Z. Steed
John Z. Steed, Bar #5399
Island Justice
P.O. Box 771
Stonington, ME 04681
(207) 200-7077
john@islandjusticelaw.com