UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER M. COLE, )<br>                )<br>    Plaintiff      )<br>                )<br>v.                )    1:24-cv-00438-JCN<br>                )<br>TOWN OF ANSON,    )<br>                )<br>    Defendant    )| |

**SCHEDULING ORDER with incorporated Rule 26(f) Order**

In accordance with Fed.R.Civ.P. 16(b) and the Cost and Delay Reduction Plan for the District of Maine, the Court proposes this Order as the Scheduling Order in this case and hereby forwards it to counsel or unrepresented parties for consultation. Counsel and unrepresented parties shall confer as required by Fed.R.Civ.P. 26(f). Unless an objection to this Order and a proposed discovery plan are filed by March 3, 2025, the Court will conclude that the required Rule 26(f) conference has taken place and that the terms and deadlines established in this proposed scheduling order have been agreed to. An objection to this Order shall contain a detailed explanation of the reasons for each requested alteration of this Order. If no objection is timely filed, this Order shall constitute the Court's Scheduling Order under Fed.R.Civ.P. 16(b).

<u>Track Assignment</u>: This case has been assigned to the Standard Track. Discovery is limited to not more than 30 interrogatories per opposing side (subparts not permitted); 30 requests for admission per opposing side; 2 sets of requests for production per opposing side; and 5 depositions per side.

<u>Subject Matter Jurisdiction</u>: Federal Question.

<u>Jury Trial</u>: Demanded.

<u>Deadline for Conference of Parties Pursuant to Fed.R.Civ.P.26(f)</u>:  February 24, 2025.  Inadvertent disclosure of privileged or trial preparation material shall be governed by the principles of Federal Rule of Evidence 502, Rule 4.4B of the Maine Rules of Professional Conduct, and Local Rule 83.3(e).

<u>Deadline for Initial Disclosure Pursuant to Fed.R.Civ.P.26(a)(1)</u>:  March 10, 2025.

<u>Deadline for Amendment of the Pleadings and Joinder of Parties</u>:  April 28, 2025.

<u>Plaintiff shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by</u>:  April 28, 2025.

<u>Defendant shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by</u>:  June 2, 2025.

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B).  All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

<u>Deadline to Complete Discovery</u>:  June 30, 2025.

Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

<u>Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h)</u>:  July 7, 2025.

<u>Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions</u>[1] <u>Challenging Expert Witnesses with Supporting Memoranda</u>:  July 21, 2025.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

2

Expected Trial Date:  This case shall be ready for trial by September 4, 2025.

Further Matters in Aid of Disposition:  The plaintiff shall make a written settlement demand upon the defendant by June 16, 2025.  The defendant shall respond in writing by June 30, 2025.

Consent to the Magistrate Judge: In accordance with the Court's "Pilot Plan for the Assignment of Civil Cases to U.S. Magistrate Judges," this matter has been preliminarily assigned to Magistrate Judge John C. Nivison to conduct all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in this case.  Pursuant to the Pilot Plan and 28 U.S.C. § 636, for the Magistrate Judge to preside over all proceedings in a case, the parties' consent is necessary.  The parties shall confer to determine whether all parties consent to Magistrate Judge John C. Nivison conducting all proceedings.  If the parties do not consent, the matter will be randomly assigned to a District Judge.  The parties shall complete and jointly file the attached form to inform the Court whether they consent to Magistrate Judge John C. Nivison conducting all proceedings by: February 24, 2025.

So ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated: February 10, 2025.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER M. COLE, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:24-cv-00438-JCN |
| TOWN OF ANSON, | ) ) ) | |
| Defendant | ) | |

**DECLARATION REGARDING CONSENT TO MAGISTRATE JUDGE**

☐ The parties, pursuant to Federal Rule of Civil Procedure 73(b), consent to Magistrate Judge John C. Nivison conducting all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in this case.

☐ The parties decline to consent to Magistrate Judge John C. Nivison conducting all proceedings in this case. We ask that the case be assigned to a United States District Judge. We understand that Magistrate Judge John C. Nivison will conduct all proceedings and decide matters referred by the United States District Judge in accordance with 28 U.S.C. § 636(c).

Dated:

Attorney for Plaintiff(s)

Dated:

Attorney for Defendant(s)

4